IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
───────────────────────────────────────────────────────────

CMFG LIFE INSURANCE COMPANY,
MEMBERS LIFE INSURANCE COMPANY
and CUMIS INSURANCE SOCIETY,

                 Plaintiffs,                       OPINION & ORDER

  v.
                                                                      13-cv-576-wmc

UBS SECURITIES,

                 Defendant.
───────────────────────────────────────────────────────────

      This civil action is one of a number of similar, relatively recent suits filed by plaintiffs (collectively, "CUNA Mutual") to rescind their purchase of various residential mortgage-backed securities ("RMBS"), all of which performed dismally and lost much of their value during the collapse of the real estate market. CUNA Mutual does not seek relief under the civil liability provisions of the Securities Act of 1933, 15 U.S.C. § 77a *et seq.*, or under the fraud provisions of the Wisconsin Uniform Securities Law, Wis. Stat. § 551.501 -- likely because any such claims are now clearly time-barred. Rather, CUNA Mutual seeks relief in the form of common law contractual rescission on the grounds of misrepresentation and mistake, as well as damages for unjust enrichment.

      Defendant UBS Securities ("UBS") now moves to dismiss this case in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6). (*See* dkt. #20.) Although UBS puts forth numerous grounds for dismissal, its central contention is that CUNA Mutual's claims are time-barred. The court agrees with UBS that, under Wisconsin law, CUNA Mutual's claims sound in contract; CUNA Mutual cannot invoke the statute of limitations for actions

for relief on grounds of fraud; and the six-year statute of limitations for contract claims applies to bar this suit as pled. Accordingly, it will grant UBS's motion to dismiss.[1]

OPINION

**I. Rescission of Contract on the Grounds of Misrepresentation**

In *United Vaccines, Inc. v. Diamond Animal Health, Inc.,* 409 F. Supp. 2d 1083 (W.D. Wis. 2006), this court held that a claim for contractual rescission based on intentional misrepresentation sounds in contract under Wisconsin law. *Id*. at 1094-95. Relying on the Wisconsin Supreme Court's decision in *First National Bank & Trust Co. of Racine v. Notte*, 97 Wis. 2d 207, 293 N.W.2d 530 (1980), and the Seventh Circuit's decision in *Harley-Davidson Motor Co. v. PowerSports, Inc.*, 319 F.3d 973 (7th Cir. 2003), this court began with the general proposition "that Wisconsin law recognizes that an action for fraud/intentional misrepresentation may lie in either contract or tort." *Id*. at 1094; *see also Harley-Davidson*, 319 F. 3d at 986 ("both the laws of contract and tort have recognized a duty not to fraudulently induce a person into a bargain"). Considering the bounds of Wisconsin's economic loss doctrine, the court determined that a claim for *rescission* based on intentional misrepresentation was grounded in contract, not tort. As the Seventh Circuit explained in *Harley-Davidson*:

> The economic loss doctrine is intended to keep a party from effecting an end run around contract law to recover under tort law what it could not recover under contract law and through contract remedies. Here, Harley-Davidson is not seeking to end run around contract law; rather, it is seeking *a remedy expressly given to it through contract law – rescission of contract* as expounded in *Notte*.

---

[1] Defendants have also moved to stay discovery in this case until the court rules on the underlying Rule 12(b)(6) motion. (*See* dkt. #24.) In light of this opinion, that motion will be denied as moot.

319 F.3d at 987 (citations and quotations omitted) (emphasis added).

Thus, consistent with both *United Vaccines* and *Harley-Davidson,* the court begins here with the proposition that CUNA Mutual's claims for rescission seek a *contractual* remedy under Wisconsin common law of contract. *See also United Vaccines, Inc. v. Diamond Animal Health, Inc.,* No. 05-C-604-C, 2006 WL 1666271, at *9 (W.D. Wis. June 12, 2006) (reiterating this court's holding that claim for rescission based on intentional misrepresentation arose "under contract law, as opposed to tort law").[2]

The parties do not really disagree that the remedy CUNA Mutual seeks is contractual and that the present action, therefore, sounds in contract law. Indeed, CUNA Mutual itself characterizes this case as one for "contractual rescission." Their positions diverge, however, as to which statute of limitations applies. Consistent with the contractual nature of CUNA Mutual's claim, UBS argues that Wisconsin's statute of limitations for actions on contract, Wis. Stat. § 893.43, governs.[3] While acknowledging that its claim is a contract claim at its core, CUNA Mutual contends that Wisconsin's "miscellaneous" six-year statute of limitations for "action[s] for relief on the ground of fraud," Wis. Stat. § 893.93(1)(b), applies to save its otherwise untimely claim.[4]

Both § 893.43 and § 893.93(1)(b) prescribe a six-year statute of limitations. The key difference between the two is when that period begins to run. Section 893.43 does *not* allow for the application of the discovery rule, meaning that the six-year limitations period begins

---

[2] This is also consistent with cases like *Kindschuh v. City of Fond du Lac,* No. 09-C-214, 2010 WL 1507883, at *5 (applying § 893.43 to claim that intentional misrepresentations induced plaintiff to sign a settlement agreement).
[3] Section 893.43 provides: "An action upon any contract, obligation or liability, express or implied, including an action to recover fees for professional services, except those mentioned in § 893.40, shall be commenced within 6 years after the cause of action accrues or be barred."
[4] Section 893.93(1)(b) provides in pertinent part that an "action for relief on the ground of fraud" shall be commenced "within 6 years after the cause of action accrues or be barred."

3

to run at the moment of breach.  *CLL Assocs. Ltd. P'ship v. Arrowhead Pac. Corp.*, 174 Wis. 2d 604, 497 N.W.2d 115 (1993).  Since there is a single RMBS certificate at issue in this case, which CUNA Mutual purchased from UBS on April 7, 2006 -- more than six years before CUNA Mutual filed this action on August 15, 2013 -- CUNA Mutual's claims for rescission are time-barred if the contract statute of limitations applies.  (*See* Am. Compl. (dkt. #36) ¶ 189.)  In contrast, § 893.93(1)(b) provides that an action for relief on the grounds of fraud "is not deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud."  If this statute of limitations applies, therefore, the discovery rule may save CUNA Mutual's claims, at least at the motion to dismiss stage.  The critical question, then, is whether CUNA Mutual's case constitutes an "action for relief on the ground of fraud," notwithstanding its contractual nature.

Here, CUNA Mutual's complaint disavows any claim of *intentional* misrepresentation or fraud in its pleadings, leaving it with claims for rescission based on either negligent or strict responsibility misrepresentation.[5]  According to UBS, this is fatal to CUNA Mutual's claim, because negligent and strict responsibility misrepresentation do not constitute fraud for § 893.93(1)(b) purposes.  In support, UBS points to *In re Demos' Estate*, 50 Wis. 2d 262, 184 N.W.2d 117 (1971).  In that case, the claimant had filed an action against his brother's estate based upon three debts allegedly evidenced in writing.  The central issue was whether the action was time-barred.  The Wisconsin Supreme Court began by noting that "since the appellant is suing on three simple debts which purport to be evidenced in writing, the

---

[5] Specifically, in Paragraph 126 of its Complaint, CUNA Mutual states that it "is not specifically alleging that Defendants committed fraud."  (Am. Compl. (dkt. #36) ¶ 126.)  To the extent that CUNA Mutual now argues that it *did* allege fraud, "the complaint may not be amended by the briefs in opposition to a motion to dismiss."  *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984).

4

section normally applicable would be the six-year provision" for actions upon "any other contract, obligation or liability, express or implied." *Id.* at 264 (quoting Wis. Stat. § 893.19(3) (1971) (current version at Wis. Stat. § 893.43)). As here, the claimant in *Demos' Estate* argued that his complaint alleged fraud and that the fraud statute of limitations applied. The Wisconsin Supreme Court disagreed, noting that "[n]owhere in the complaint is fraud specifically alleged, nor does the complaint state facts, even when viewed most favorably to the claimant, from which fraud can reasonably be inferred." *Id.* at 266.

The Wisconsin Supreme Court went on to discuss the "requisite elements for a cause of action based on fraud":

> To be actionable the false representation must consist first, of a statement of fact which is untrue; second, that it was made with *intent to defraud* and for the purpose of inducing the other party to act upon it; third, that he did in fact rely on it and was induced thereby to act, to hi[s] injury or damage.

*Id.* (emphasis added) (quoting *Int'l Milling Co. v. Priem*, 179 Wis. 622, 624, 192 N.W. 68 (1923)). Ultimately, the court found the fraud statute of limitations inapplicable, applied the contract statute of limitations, and held the action time-barred. *Demos' Estate*, therefore, supports the proposition that "fraud," as that term is used in Wis. Stat. § 893.93(1)(b), requires intent, which CUNA Mutual has chosen not to plead. 550 Wis. 2d at 266.

Tellingly, CUNA Mutual fails to address the Wisconsin Supreme Court's decision in *Demos' Estate* in any way. Instead, it argues that "fraud" encompasses not only intentional misrepresentation but also negligent or strict responsibility misrepresentation. This argument is premised primarily on general language from *Whipp v. Iverson*, 43 Wis. 2d 166, 168 N.W.2d 201 (1969). In *Whipp*, the Wisconsin Supreme Court stated that "[f]raud is a

5

generic and an ambiguous term" that "embranches misrepresentation which may be separated into the three familiar tort classifications of intent, negligence, and strict responsibility." *Id.* at 169. Based on this broad observation, CUNA Mutual argues that its claims are premised "on the ground of fraud," even though it has not pled *intentional* misrepresentation in the inducement of contract.

CUNA Mutual also cites to a number of other cases as applying a broad reading of "fraud," although none are particularly helpful in the context of its claim for contractual rescission based on negligent and strict responsibility misrepresentations. *Koehler v. Haechler,* 27 Wis. 2d 275, 276, 133 N.W.2d 730 (1965), applied § 893.93(1)(b) to an action for contractual rescission where the plaintiff implicitly, if not explicitly, alleged intentional "fraud." *See id.* ("Koehler alleged, in substance, that the 20 shares of stock were not authorized by law, but had been fraudulently represented as valid. He alleged discovery of the fraud in October, 1963."). The Seventh Circuit in *Owen v. Wangerin*, 985 F.2d 312 (7th Cir. 1993), applied § 893.93(1)(b) to a claim that appears to have blended tort and contract by seeking both rescission and damages, concluding that it fell into the category of "suits alleging common law fraud." *Id.* at 314-15.[6] *Lewis v. Paul Revere Life Insurance Co.*, 80 F. Supp. 2d 978 (E.D. Wis. 2000), is the *only* case CUNA Mutual offers in which a court applied Wis. Stat. § 893.93(1)(b) in the context of negligent and strict responsibility misrepresentation; the problem is that case involved *tort* claims, not claims seeking

---

[6] Although CUNA Mutual characterizes *Owen* as also applying the fraud statute of limitations to claims for reformation based on mutual mistake, defendant correctly points out that the court did not actually address which statute of limitations applied to those claims. *See Owen*, 985 F.2d at 316-17.

contractual rescission.  *Id.* at 994; *see also Whipp*, 43 Wis. 2d at 169 (discussing "three classifications *of torts*" (emphasis added)).

Applying a statute of limitations incorporating the discovery rule in the context of Wisconsin tort claims is hardly surprising.  The Wisconsin Supreme Court has "adopt[ed] the discovery rule for *all* tort actions other than those already governed by a legislatively created discovery rule."  *Hansen v. A.H. Robins, Inc.*, 113 Wis. 2d 550, 560, 335 N.W.2d 578 (1983) (emphasis added).  However, the same logic does not necessarily justify incorporating the discovery rule for *contract* actions involving allegations of negligent or strict responsibility misrepresentations.  To the contrary, the Wisconsin Supreme Court has expressly declined to adopt the discovery rule in the contract context, even where a breach is "in practical terms, undetectable."  *CLL Assocs. Ltd. P'ship,* 174 Wis. 2d at 613; *see also State v. Chrysler Outboard Corp.*, 219 Wis. 2d 130, 148, 580 N.W.2d 203 (1998) ("This court has recently *declined* to extend the discovery rule to causes of action not sounding in tort.").[7]  Furthermore, the court can find *no* case in which § 893.93(1)(b) applied to an action for contractual rescission on grounds of negligent or strict responsibility misrepresentation, nor has CUNA Mutual pointed to any.

CUNA Mutual also relies heavily on *Stuart v. Weisflog's Showroom Gallery, Inc.*, 2008 WI 22, 308 Wis. 2d 103, 746 N.W.2d 762, but that case is factually inapposite.  In *Stuart*, a builder intentionally misrepresented the quality of his materials, as well as his familiarity with local building codes and regulations.  In reliance on these misrepresentations, the Stuarts retained him to remodel and expand their home.  Seven years later, the Stuarts

---

[7] The language in these cases in particular undermines CUNA Mutual's argument that it makes little sense to apply the contracts statute of limitations where misrepresentations are "incapable of discovery until well after the contract is performed."  (Pl.'s Br. Opp'n (dkt. #31) 23.)

7

discovered serious construction defects and building code violations and brought claims for negligent design and construction and claims under the Home Improvement Practices Act (HIPA), Wis. Admin. Code § ATCP 110, and Wis. Stat. § 100.20(5). As here, the defendants in *Stuart* responded by arguing that these claims were premised on a breach of the contract between the parties and were barred by the contract statute of limitations.

The Wisconsin Supreme Court disagreed, holding that the Stuarts' "HIPA claims, in addition to their claims for negligent design and construction, [were] independent claims similar to tort claims, which are governed by the discovery rule." *Stuart*, 2008 WI 22, at ¶ 15. Moreover, because the HIPA and negligence claims were premised on "allegations of fraud and misrepresentation," the court held that § 893.93(1)(b) applied. *Id.* at ¶ 18. Unlike the present case, however, *Stuart* involved no contract claims at all. *See id*. at ¶ 8 ("[J]ust before the trial began, the Stuarts dismissed their breach of contract claims."). In any event, *Stuart* is better understood as another example of a case in which Wisconsin courts applied § 893.93(1)(b) to *tort* (or at least, tort-like) claims based on intentional misrepresentations.[8]

Having reviewed the (admittedly) tangled and arguably inconsistent case law surrounding this question,[9] the court is satisfied that at a minimum, actions for contractual rescission based on negligent or strict responsibility misrepresentation (1) sound in contract, not tort, at least under Wisconsin law; and (2) are not actions "on the ground of fraud" under § 893.93(1)(b). As an initial matter, *Demos' Estate* strongly suggests that it is

---

[8] *See Stuart*, 2008 WI 22, at ¶ 24 ("Petitioners made their misrepresentations out 'of their own volition and design.'"); *see also Stuart v. Weisflog's Showroom Gallery, Inc.*, 2008 WI 86, ¶ 28, 311 Wis. 2d 492, 753 N.W.2d 448 (noting that the jury found intent and volition behind the misrepresentations, such that they could not qualify as accidents).

[9] *Cf.* Mark P. Gergen, *Negligent Misrepresentation as Contract*, 101 Cal. L. Rev. 953 (2013).

inappropriate to apply § 893.93(1)(b) to contract cases where there have been no allegations of intentional misrepresentation. 550 Wis. 2d at 266. Additionally, since the Wisconsin Supreme Court's 1969 decision in *Whipp*, greater care has been taken to distinguish between *fraudulent* and so-called *material* misrepresentations in the rescission context, suggesting that at least *some* misrepresentations justifying rescission are not "fraudulent" -- that is, they are not intentional. In *First National Bank & Trust Co. of Racine v. Notte*, Wisconsin's seminal case on contractual rescission, the Wisconsin Supreme Court "adopt[ed] the position taken in the Restatement (Second) of Contracts, s 306(1) . . . to determine when a contract will be deemed voidable and subject to rescission." *Notte*, 97 Wis. 2d at 222. As quoted in *Notte*, that section provides:

> When A Misrepresentation Makes A Contract Voidable. (1) When a party's manifestation of assent is induced by either a fraudulent or a material misrepresentation by the other party, the contract is voidable by the recipient if he is justified in relying on the misrepresentation.

*Id*. (quoting Restatement (Second) of Contracts, s 306(1) (Tent. Draft No. 11, 1976)).

If *all* misrepresentations -- intentional, negligent and strict responsibility -- were "fraudulent," there would be no need for the second category of "material" misrepresentations. Not incidentally, this is also the category on which CUNA Mutual's pleadings focus. (*See, e.g.,* Am. Compl. (dkt. #36) ¶ 57 ("UBS's representations that the relevant Originators complied with their underwriting standards were material to CUNA Mutual[.]"); *id*. at ¶ 66 ("For CUNA Mutual, these quantitative loan characteristics were material[.]"); *id. at* ¶ 220 ("Representations regarding owner-occupancy status were material to CUNA Mutual[.]); *id.* at ¶ 293 ("Each of these representations was material to CUNA Mutual, because it was likely to and did induce a reasonable investor to purchase the

certificate for the purchase price at the relevant yield.").)  Thus, the court concludes that CUNA Mutual has not pled an action "for relief on the ground of fraud" and cannot apply § 893.93(1)(b), or its discovery rule, to its contract claims.

Of course, if CUNA Mutual's claims for rescission based on negligent or strict responsibility misrepresentations were intended to sound in tort, it could benefit from the discovery rule.  But as mentioned at the outset, there is a fundamental flaw in that characterization: if CUNA Mutual's claims sound in tort like the HIPA and negligence claims in *Stuart*, they would then be barred by Wisconsin's economic loss doctrine.[10]  In Wisconsin, the economic loss doctrine "operates generally to preclude contracting parties from pursuing tort recovery for purely economic or commercial losses associated with the contract relationship."  *Tietsworth v. Harley-Davidson, Inc.*, 2004 WI 32, ¶ 23, 270 Wis. 2d 146, 677 N.W.2d 233.  Specifically, "Wisconsin courts have recognized that the economic loss doctrine bars misrepresentation claims based in negligence and strict responsibility."  *Kaloti Enters., Inc. v. Kellogg Sales Co.*, 2005 WI 111, ¶ 30, 283 Wis. 2d 555, 699 N.W.2d 205 (internal citations omitted); *see also* Ralph C. Zinaor*, The Fraud in the Inducement Exception to the Economic Loss Doctrine*, 90 Marq. L. Rev. 921 (2007); R. Joseph Barton, *Drowning in a Sea of Contract:  Application of the Economic Loss Rule to Fraud and Negligent Misrepresentation Claims*, 41 Wm. & Mary L. Rev. 1789 (2000).  Stated more plainly, CUNA Mutual may not bring an action that sounds in contract for the purposes of evading the

---

[10] Assuming CUNA Mutual wished to pursue this theory, it would also need to seek damages, rather than contractual rescission, since it does not appear that avoidance of contract is an available remedy in a tort action.  *See Notte*, 97 Wis. 2d at 213 ("[A]voidance is primarily dealt with in the contract action, while an affirmative claim for liability may lie for misrepresentation under the law of torts.").  Given the impact of Wisconsin's economic loss doctrine, this is something that CUNA Mutual has obviously scrupulously avoided.

economic loss doctrine, but sounds in tort for the purposes of availing itself of the discovery rule.[11]

The Wisconsin Supreme Court's discussion in *Van Lare v. Vogt, Inc.*, 2004 WI 110, 274 Wis. 2d 631, 683 N.W.2d 46, further supports this conclusion. In *Van Lare*, the plaintiff filed a complaint asserting three causes of action: intentional misrepresentation, negligent misrepresentation and strict responsibility representation. Although at the core of the action was a claim for breach of contract,[12] Van Lare did not bring any contractual claims because they were barred by the six-year contract statute of limitations in § 893.43. *Id.* at ¶ 11. At the conclusion of the trial, Van Lare opted to pursue only his strict responsibility claim before the jury, which returned a verdict in his favor. *Id.* at ¶ 13. Following that verdict, the trial court granted judgment notwithstanding the verdict on the grounds that the economic loss doctrine barred Van Lare from recovering economic damages on a strict responsibility misrepresentation claim. *Id.* at ¶ 14.

The Wisconsin Supreme Court affirmed that decision, noting first that Van Lare had been "forced to base his claim on a misrepresentation theory rather than a breach of contract theory because the period of limitation on the contract claim had run," and then rejecting Van Lare's argument that the economic loss doctrine applied only to breaches of

---

[11] CUNA Mutual does note that § 893.93(b) appears neither in the Contracts Subchapter nor the Torts Subchapter of the Wisconsin statutes, but instead in Section 893.93, which is labeled "Miscellaneous Actions." In light of Wisconsin case law, however, the court declines to read CUNA Mutual's cause of action, at least as currently pled, as some sort of hybrid or "miscellaneous" claim -- capable of evading both the bars of the economic loss doctrine as a tort claim and the statute of limitations as a contract claim -- absent some authority suggesting that such a maneuver is permissible outside the context of a claim of intentional misrepresentation.

[12] Vogt conveyed real property to Van Lare by contract, representing that Vogt had no knowledge of any defects affecting the property, including "the presence of any dangerous toxic materials or conditions affecting the property." 2004 WI 110, at ¶ 4. Van Lare later discovered that construction debris had been buried on the site. *Id.* at ¶ 8.

tort duties and not to breaches of contract duties.  *Id.* at ¶ 22.  Instead, the court held that the economic loss doctrine bars *all* misrepresentation claims "in the absence of a recognized exception."  *Id.* at ¶ 28.  The court also noted that the economic loss doctrine would not have precluded claims for breach of contract, a violation of Wis. Stat. § 100.18, or intentional misrepresentation.  *Id.* at ¶ 23.  But the statute of limitations had run on the first two possibilities, and Van Lare himself dropped the intentional misrepresentation claim.  *Id.*  The court concluded: "We cannot overrule our precedent to allow Van Lare's tort claim simply because his own action or inaction has barred other claims."  *Id.*

The similarity of the pleading history here to *Van Lare* is striking.  CUNA Mutual alleges claims for rescission based on negligent and strict responsibility misrepresentations that are barred -- by the contract statute of limitations, if they sound in contract; and by the economic loss doctrine, if they sound in tort.  Accordingly, the court must dismiss those claims.[13]

**II. Rescission on the Grounds of Mistake**

UBS also argues that CUNA Mutual's claims for rescission on the grounds of mistake are barred by the statute of limitations, again pointing to the contract statute of limitations, § 893.43.  CUNA Mutual offers no argument as to why claims for rescission based on mistake are not also time-barred.  Indeed, CUNA Mutual does not appear to address the statute of limitations applicable to these specific claims at all; its statute of limitations argument is focused entirely on misrepresentation.  (*See* Pl.'s Br. Opp'n (dkt. #31) 20-23.)

---

[13] The only option remaining to CUNA Mutual is to move to amend its pleadings to bring a claim for rescission on the grounds of fraudulent (intentional) misrepresentation, since *Koehler*, at least, supports the application of § 893.93(b) in such instances.  However, doing so would require CUNA Mutual to plead fraud with particularity.  Fed. R. Civ. P. 9(b).

12

The court has already rejected those arguments, and CUNA Mutual offers no other reason why that ruling does not apply with equal force to claims that depend on proof of mistake, not misrepresentation. Accordingly, the court concludes that this claim is, like the other rescission claims, barred by § 893.43 and will grant UBS' motion to dismiss.

**III. Unjust Enrichment**

Finally, UBS argues that the claim for unjust enrichment is time-barred by § 893.43. As UBS points out, unjust enrichment is a claim based on quasi-contract. *Boldt v. State*, 101 Wis. 2d 566, 578, 305 N.W.2d 133 (1981). Such claims are also subject to the six-year statute of limitations for contract claims. *Id.*; *see also Stapel v. Stapel*, No. 2009AP1195, 2010 WI App 120, 329 Wis. 2d 269, 789 N.W.2d 753 (per curiam) ("Recovery based on unjust enrichment is sometimes referred to as a quasi-contract. As a claim based on quasi-contract, a claim for unjust enrichment is subject to the six-year statute of limitations set forth in Wis. Stat. § 893.43."). Since CUNA Mutual also fails to respond to this argument in its brief in opposition, the court likewise deems this claim time-barred. *Wojtas v. Capital Guardian Trust Co.*, 477 F.3d 924, 926 (7th Cir. 2007) (failure to oppose the statute of limitations argument constitutes a waiver). Accordingly, the court grants UBS' motion to dismiss this claim as well.

ORDER

IT IS ORDERED that:

1) Defendant's Motion to Dismiss (dkt. #20) is GRANTED.

2) Defendant's Motion to Stay Discovery (dkt. #24) is DENIED as moot.

Entered this 1st day of July, 2014.

                        BY THE COURT:

                        /s/

                        _____
                        WILLIAM M. CONLEY
                        District Judge